(142 App. Div. 487.)
## In re VILLAGE OF LYNBROOK.

(Supreme Court, Appellate Division, Second Department. January 20, 1911.)

1. MUNICIPAL CORPORATIONS (§ 12*)—INCORPORATION—ELECTIONS.

Village Law (Consol. Laws, c. 64) § 10, as amended by Laws 1910, c. 416, providing that the election on the question of the incorporation of a village shall be held between the hours of 1 o'clock in the afternoon and 8 o'clock in the evening, requires that the polls shall be and remain open during the entire period.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 12.*]

2. MUNICIPAL CORPORATIONS (§ 12*)—INCORPORATION—NOTICE OF ELECTION—SUFFICIENCY.

A notice of an election on the question of the incorporation of a village, which provides that the election shall be held on a designated date between the hours of 1 o'clock in the afternoon and sunset, is insufficient under Village Law (Consol. Laws, c. 64) § 10, as amended by Laws 1910, c. 416, requiring that the polls shall be open from 1 o'clock in the afternoon until 8 in the evening, where on the designated date the sun set 29 minutes after 7, and the election must be set aside, though the notice need not specify the hours during which the polls shall remain open, but, where it purports to do so, it must comply with the statute.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 12.*]

3. MUNICIPAL CORPORATIONS (§ 12*)—INCORPORATION—NOTICE OF ELECTION—POSTING—SUFFICIENCY—"CONSPICUOUS PLACES."

The act of the town clerk of a town in leaving on the counters of tradesmen notices of election on the question of the incorporation of a village and in hanging up one notice in a shop is not a compliance with Village Law (Consol. Laws, c. 64) § 10, as amended by Laws 1910, c. 416, providing that the notice shall be posted in conspicuous places.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 2, p. 1454; vol. 8, p. 7613.]

4. MUNICIPAL CORPORATIONS (§ 12*)—INCORPORATION—NOTICE OF ELECTION—POSTING—SUFFICIENCY.

Under General Construction Law (Consol. Laws, c. 22) § 20, providing that the day from which any specified number of days is reckoned shall be excluded, notices posted July 2d of an election on July 16th following on the question of the incorporation of a village are not posted within the time fixed by Village Law (Consol. Laws, c. 64) § 10, as amended by Laws 1910, c. 416, providing that the election shall not be less than 15 days from the date of the posting of the notices.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 12.*]

Appeal from Nassau County Court.

Proceedings for the incorporation of the Village of Lynbrook. From a decision of the County Court sustaining an election, the parties aggrieved appeal. Reversed, and election set aside.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Neil H. Vandewater, for appellants.

William Frank Fowler, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

BURR, J.   The general statutory provisions relating to the incorporation of villages are contained in chapter 64 of the Consolidated Laws (Laws 1909, c. 64).   They are quite simple, but laxity in the observance thereof has given rise to this controversy.

It would appear that in the early part of 1910 certain freeholders of the town of Hempstead desired to incorporate a village within its territory, to be known as the village of Lynbrook.   No claim is here made that the proceedings were not regularly conducted down to the time when it became the duty of the town clerk to give notice of an election, to be held by the electors resident in the territory which it was proposed to incorporate, to determine, favorably or otherwise, the question of such incorporation.   Respecting this the statute provides that:

"Within five days after the right to an election is complete the town clerk with whom the proposition and other papers are filed shall give notice of an election to be held in such territory at a specified time and place.   The notice shall be signed by the town clerk and posted in ten conspicuous places in such territory, and also published at least twice in each newspaper published therein, and it shall fix a time for such election, not less than fifteen nor more than twenty-five days from the date of the posting thereof.   Such election shall be held at a convenient place in such territory between the hours of one o'clock in the afternoon and eight o'clock in the evening, but shall not be held upon a day of a town meeting or of a general election in a town in which any part of the proposed village is situated."   Consol. Laws 1909, c. 64, as amended Laws 1910, c. 416, in effect June 7, 1910.

The first notice prepared by the town clerk read as follows:

"Notice is hereby given in pursuance of section 10, article 1, chapter 414 of the Laws of 1897 and the acts amendatory thereto, that on Saturday, July 16th, 1910 between the hours of one o'clock in the afternoon and sunset, an election will be held in Lyceum Hall at Lynbrook, within the territory proposed to be incorporated, in the town of Hempstead, Nassau county and state of New York, for the purpose of voting for and against the proposed incorporation of the village of Lynbrook.   Dated Hempstead, N. Y., July 1st, 1910.          H. Luther Weeks, Town Clerk of the Town of Hempstead."

This notice is criticised for insufficiency, first, because it declares that it is given in pursuance of section 10, art. 1, c. 414, Laws 1897. This law had been expressly repealed in February, 1909.   It may be, however, that if the notice had complied with the provisions of the village law, then in force, an erroneous description of such statute would not have been fatal.

Further criticism is made upon the sufficiency of the notice, for the reason that it specified the time when such election should be held as Saturday, July 16, 1910, between the hours of 1 o'clock in the afternoon and sunset.   The law required that the election should be held between the hours of 1 o'clock in the afternoon and 8 o'clock in the evening.   Laws 1910, c. 416.   This clearly means that the polls should be open and remain open duing that entire period.   It is in evidence that the sun set on the day in question at 29 minutes after 7 in the afternoon.   The notice was not, therefore, such a notice as the statute required.   Respondent contends that the statute does not require that the notice should specify the hours during which the polls should remain open.   It does require that the time, as well as the place, for

voting, shall be specified. If the notice had simply stated that the election was to be held on the 16th of July, it may be that would have been a sufficient specification, and that the electors would have been required to take notice of the provisions of the statute as to the designated hours. But in this notice the hours were as much part of the time specified as the day. In fact, they limited the day to that part therein stated. Having attempted to "specify" more completely than the statute possibly required, it was the duty of the town clerk at his peril to specify accurately. If such a notice could be held sufficient, then one that specified the time for the election as being any one hour or part of an hour between 1 in the afternoon and 8 in the evening would have been sufficient. The town clerk seems to have discovered his error and attempted to rectify it, for another notice was prepared, correctly specifying the hours within which the election would be held.

The evidence as to the posting of this notice is very unsatisfactory. Although the village law (section 331) prescribes a very simple method of furnishing presumptive evidence thereof, no affidavit such as is therein referred to is produced. The town clerk, instead of performing the duty devolving upon him of posting these notices, seems to have left them upon the counters of various tradesmen, expecting them to post the same. After testifying that he had left copies of the notice on cigar stands in two stores, and on a table in the center of another store, he was asked this question:

"Q. Now, Mr. Weeks, is there any place where you was where you posted these notices, that you actually put them up yourself, or did anything more than to leave them on a table, a stand, or. something of that kind? A. Yes, I went in a butcher shop, and hung one on a meat hook. I can't think of another place where I actually hung one up."

No testimony is introduced showing that any one, by his direction or otherwise, actually posted up the notices which he distributed in the manner testified to by him.

But, if the amended notices had been actually posted, they were not posted within the time required. Upon the most favorable construction of the evidence, they were not printed and ready for posting until the 2d of July, and the election was to be held on the 16th. Under the statutory rule for computation of time, this was only 14 days before the day fixed for the election. General Construction Law (Consol. Laws, c. 22; Laws 1909, c. 27) § 20. As we have before pointed out, the notice must be at least 15 days prior thereto.

Other objections were raised to the sufficiency of the proceedings, which it is not necessary for us to consider. Because of the irregularities above mentioned, the election was invalid, and a new election must be held.

The decision of the County Court of Nassau County must be reversed, and the election set aside. All concur.