■ In the Matter of WILLIAM REGULA et al., Respondents-Appellants. TOWN OF SOUTHAMPTON, Appellant-Respondent; EDWINA BORDERS et al., Intervenors-Appellants-Respondents.— In a proceeding pursuant to Village Law § 2-224 to determine the validity and regularity of an election concerning the proposed incorporation of the Village of Pine Valley, (1) the intervenors and the Town of Southampton appeal from a judgment of the Supreme Court, Suffolk County (Luciano, J.), dated January 28, 1988, which, inter alia, granted the petitioners' application to set aside an election held on August 11, 1987, in which the proposed incorporation of the Village of Pine Valley was approved, on the ground that the maps posted with the notices of election were defective in view of their failure to depict the western boundary of the proposed village; and (2) the petitioners appeal from so much of an order of the same court, dated November 3, 1987, as denied their application to the extent that it sought to set aside the election on additional specified grounds.

Ordered that the appeal from the order is dismissed, without costs or disbursements, and it is further,

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, and the proceeding is dismissed on the merits.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We find that the court improperly set aside the election. We note that a representative map, as depicted in exhibit I to the petitioners' reply affidavit, delineated the village boundaries in a complete and accurate manner and cannot be said to have deceived prospective voters. We further conclude that inasmuch as the attachment of a defective map to a notice of election does not expressly violate the provisions of Village Law § 2-214, the existence of the alleged defect would not mandate setting aside the election in any event (cf., Matter of Village of Lynbrook, 142 App Div 487).

We have examined the remaining contentions raised and find them to be without merit. Brown, J. P., Kunzeman, Kooper and Balletta, JJ., concur.